THE PENNSYLVANIA RAILROAD COMPANY, LESSEE OF THE UNITED NEW JERSEY RAILROAD, ETC., COMPANY, THE ASSOCIATES OF THE JERSEY COMPANY, THE NEW YORK BAY RAILROAD COMPANY, PROSECUTORS, v. THE STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Submitted May 14, 1926—Decided October 7, 1926.

1. In these cases, there are twenty-two separate pieces of property owned by the railroads, but assessed by the local assessors of Jersey City. The judgments rendered by the state board of taxes and assessment on appeal are affirmed except as to one piece, viz., that of the New York Bay Railroad Company.
2. In reviewing the judgments rendered on appeal by the state board of taxes and assessment, by the Supreme Court, the rule stated in the case of *Gibbs* v. *State Board of Taxes and Assessment*, 101 *N. J. L.* 371, applied.
3. The Supreme Court, under the act *Pamph. L.* 1918, *p.* 870, §§ 512, 513, and also under the *Certiorari* act, *Pamph. L.* 1907, *p.* 95;

1 *Comp. Stat. of N. J.*, *p.* 405, § 11, has power to review and determine questions of fact, as well as of law.

4. The question involved in these cases in fixing the values of the properties on *certiorari* is one of fact.

On *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutors, *Wall, Haight, Carey & Hartpence.*

For the defendants, *Edward P. Stout.*

The opinion of the court was delivered by

BLACK, J.   The writs of *certiorari* in these cases were allowed, to review the assessments of the properties of the prosecutors, by the assessors of Jersey City.   There are six cases.   The properties are owned by the various railroad companies, but are not used for railroad purposes within the meaning of the act of 1884, page 142, as redrafted in *Pamph. L.* 1888, *p.* 269, and supplements.   The assessments were made by the assessors of Jersey City under the General Tax act of 1918, page 847.   The assessments are for the years 1921, 1922, 1923 and 1924, made as of October 1st, 1921, 1922, 1923 and 1924.   The assessments are substantially the same for each year.   The testimony as to the valuation is the same.   An appeal was made to the Hudson county board of taxation.   The assessments were confirmed by that board. Then an appeal was made to the state board of taxes and assessment, and by that board the judgments of the county board were affirmed.

The prosecutors filed nine reasons for setting aside the assessments.   They may all be considered under the one head, viz., that the assessments are excessive.

The record shows the prosecutors produced, as expert witnesses, Messrs. Huntley, Morrison, Corbin and Ryer.   The city produced, as expert witnesses, Messrs. Dunham, Singer and Graham.   Each witness did not testify in all the cases. The evidence consists mainly of sales of property and the opinion of experts.   The lands, for the most part, are located

in the lower or down-town section of Jersey City. One piece, that of the New York Bay Railroad Company, one hundred and ninety-eight hundredths acres, block 1507, lot 2-L, assessed at $25,000 per acre, is located on New York bay, in the Greenville section of the city. This lies to the east by the side of the terminal tract of that company. There is no access to it from the land side of the tract. Some of the properties are designated water-front lands on the Hudson river, others inside properties adjoining. There are twenty-two pieces of property separately assessed now under review. It would serve no useful purpose, even though it was practical, to go over and review in detail the evidence on which these assessments were made and on which the judgments of the county and State boards were based.

An examination of the schedule prepared by the counsel of the prosecutors reveals the fact that the assessments in each case, except two, are substantially below the figure fixed by the city's experts.

As is usual in all cases, fixing the value of land, either for condemnation, taxation, rate making or sale, there is a wide variation between the figures of the respective sets of experts and the individual valuations of each expert. The opinions of the experts, in this case, are no exception to that statement.

Each side criticises the accuracy of the witnesses produced for the other side, thus, the prosecutors in the brief characterize the expert testimony of one of the city expert witnesses as "a *farrago* of nonsense." The city, in its brief, says none of the witnesses of the prosecutors used the selling prices of property, substantially similar to prosecutors' properties, to determine the value thereof, but, instead, ignored or rejected each sale of property in Hudson county made subsequent to October 1st, 1919, and that the prosecutors have misrepresented the testimony of their own witnesses, as well as the testimony of the experts of the city.

The Supreme Court has power under the act (*Pamph. L.* 1918, *p.* 870, §§ 512, 513), and, also, under the *Certiorari*

act (*Pamph. L.* 1907, *p.* 95; 1 *Comp. Stat. of N. J., p.* 405, § 11), to review and determine disputed questions of fact as well as of law. *Trenton, &c., Traction Corp.* v. *Mercer County Board of Taxation,* 92 *N. J. L.* 398. To sustain an assessment for taxing purposes there must be evidence in the record of the valuation of the property assessed, to an amount necessary to support the assessment. *Gibbs* v. *State Board of Taxes and Assessment,* 101 *Id.* 371. We find, as a fact, that these assessments, except item No. 3, block 1507, lot 2-L, the one hundred and ninety-eight hundredths-acre tract located at Greenville, on New York bay, are supported by the evidence. That evidence consists of the opinion evidence of the city's expert witnesses and the sales of other land put in evidence for the purpose of comparison. The record shows that since the assessments made in 1920 lands in all parts of Hudson county, including the lands assessed, have greatly enhanced in value—see Record 1921, 1922, local assessment cases of Lehigh Valley Railroad Company, pages 41, 412, 736, 737. The assessments are supported by the opinion of the city's expert witnesses. In each assessment, except two, the value is below that made by these experts. The primary question, therefore, to be determined, is, are the experts reliable? Have they sufficient knowledge and experiences on which the appraisals are made? If not, are the other experts more reliable? If not, what then? Are we to reject both sets of experts and make the assessments according to our own judgment, or leaning, or caprice? The assessments were made in the first instance by the city assessors; then passed upon by the Hudson county board of taxation; then by the state board of taxes and assessment, before whom the voluminous testimony now before us was presented for consideration. Some credit, at least, must be given to these various sets of officials. Our reading of the record leads us to find as a fact that the assessments, except in the one case above stated, are not in excess of true value. They are supported by the evidence, and should not be reduced, altered or modified, except the one hundred and ninety-eight hundredths-acre tract of land owned by the New York Bay

Railroad Company (block 1507, lot 2-L). That should be reduced to $16,000 per acre.

A schedule prepared by the prosecutors and annexed to their brief, marked "consolidated schedule," shows the twenty-two items or pieces of property assessed. The block and lot numbers, with a short description, the assessments complained of, as stated, are for the years 1921, 1922, 1923 and 1924. The schedule also contains the 1920 assessments, the valuations as determined by each of the expert witnesses called; the railroad experts, Messrs. Huntley, Ryer, Corbin and Morrison; the city experts, Messrs. Dunham, Graham and Singer. The assessments in each case, except two, are at a figure substantially below that fixed by the city's expert witnesses. In some of the pieces the assessments are slightly in advance of the figure fixed by the railroad expert witnesses, thus, items Nos. 5, 52 and 58 Morgan street, assessed at $31,800, and item No. 7 Washington and Steuben streets assessed at $31,800. The railroad expert witnesses fixed the value of these properties at $26,000, $23,300, $27,600, $28,600. The city's expert witnesses fixed the value of these properties at $40,000. Item No. 10, No. 81 Steuben street, assessed at $7,500. The railroad expert witnesses fixed the value at $6,000 or $5,750. The city's expert witnesses fixed the value of this property at $10,000. Item No. 14, No. 76 First street, assessed at $7,500. The railroad expert witnesses fixed the value at $5,000, and the city's expert witnesses fixed the value at the figure assessed, viz., $7,500. Item No. 15, Nos. 314-20 Warren street, assessed at $23,900. The railroad expert witnesses fixed the value at $14,000 and $15,600, the city's experts at $20,000. Item No. 16, No. 6 Washington street, assessed at $24,300. The railroad expert witnesses fixed the value at $20,000 and $21,600, the city's expert witnesses at $30,000. Item No. 19, C 5 and 6 Hudson river stock yards, twenty-four thousand one hundred and seventy-eight acres, assessed at $2,500,000, is covered by stipulation.

A rule may be entered in accordance with the views above expressed.